UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00098-WYD

RICHARD S. PASQUALETTO,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security Administration

    Defendant.

_____

# ORDER
_____

THIS MATTER is before the Court on Plaintiff's Application for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  The motion seeks an award of attorney's fees to Plaintiff as a result of a Judgment issued in favor of Plaintiff on March 24, 2006.  The Judgment was entered after the Court issued an Order on March 23, 2006, which reversed the Commissioner's decision denying Plaintiff benefits and remanded the case to the Commissioner.

Plaintiff seeks an award of fees in the amount of $11,680.30 based on hourly rates of $151.53 in 2004, $156.80 in 2005, and $160.00 in 2006.  According to the itemization of fees, Plaintiff is seeking reimbursement for a total of 74.4 hours.  The request for fees is supported by an affidavit of Plaintiff, an affidavit of counsel attaching itemized statements of the time spent by counsel on the case, the Consumer Price

Index, and an affidavit of counsel Ann J. Atkinson demonstrating the reasonableness of the fees. Plaintiff also requests $170.44 in expenses.

In a response filed June 29, 2006, the Commissioner opposes an award of fees, arguing that the Agency's position in this case was substantially justified. Alternatively, the Commissioner asks that the Court not award the full amount of fees requested because it is not reasonable. A reply was filed by Plaintiff on July 11, 2006. For the reasons stated below, Plaintiff's Application for Attorney's Fees Under the EAJA is granted in part and denied in part.

The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.* The term "position" includes the Government's arguments both at the underlying agency stage and during any subsequent litigation. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The Tenth Circuit has held that the government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts

asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *see also Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565. The government's position must be "more than 'merely undeserving of sanctions for frivolousness.'" *Id.* at 566. However, a "position can be justified even though it is not correct, and...it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct...." *Id.* at 566 n. 2.

     In the case at hand, the Commissioner makes a very cursory argument as to why her position was substantially justified. She argues that the ALJ acknowledged that Plaintiff had not engaged in substantial activity and had severe impairments, but that the existence of severe impairments does not establish disability within the meaning of the act. Instead, a claimant's condition must be so functionally limiting as to preclude all substantial gainful activity. The Commissioner does not explain why the ALJ's findings that Plaintiff was not disabled were substantially justified, instead simply incorporating the reasons set forth in the final administrative decision and the response brief. This is not sufficient to meet the Commissioner's burden of showing substantial justification. Further, the Commissioner does not respond to Plaintiff's assertion that the Court found 26 different errors in the ALJ's decision that required reversal, nor does she attempt to show how the ALJ was substantially justified as to any of those errors.

Accordingly, I find that Plaintiff is entitled to an award of fees under the Equal Access to Justice Act, and grant that portion of her Application. I first find that there are no special circumstances in this case that make an award unjust. Second, I find that the Commissioner has not shown a reasonable basis for the facts asserted, nor support for the legal theory argued by the Commissioner in connection with the facts alleged. I further find that a reasonable person would not find that the position of the Government was justified.

I now turn to the amount of fees and expenses sought by Plaintiff and whether that amount is reasonable. I first note that the Commissioner has not disputed the amount sought in expenses and I find that this amount is reasonable. Accordingly, I grant Plaintiff's request for an award of $170.44 in expenses.

Turning to attorney fees, Plaintiff seeks fees in the amount of $11,680.30 (for 74.40 hours), based on hourly rates of $151.53 in 2004, $156.80 in 2005, and $160.00 in 2006. The Commissioner first disputes the reasonableness of the fees sought in connection with drafting the complaint, preparing the joint case management plan, and obtaining help and training as to the Court's new electronic filing system. After reviewing the reply, I find that Plaintiff has adequately explained those amounts and I find them to be reasonable. I thus reject the Commissioner's arguments to reduce these amounts.

As to the amount of time spent on the briefs (41 hours for the opening and 13.10 hours for the reply), however, I find the time somewhat excessive. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (noting that the district

court concluded that 30 to 40 hours was the average amount of time spent on a social security case); *Chandler v. Sec'y of Health and Human Servs.*, 792 F.2d 70 (6th Cir. 1986) (noting that "41 hours allocated to brief writing, drafting pleadings, research and review of documents seems excessive"); *Isbell v. Chater*, 934 F. Supp. 1129, 1131 (E.D. Mo. 1996) (finding 26.75 hours reasonable for a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (concluding in social security cases that compensated hours generally range from twenty to forty hours, and reducing number of hours expended from 30.5 to 45 hours); *Silva v. Bowen*, 658 F. Supp. 72, 73 (E.D. Pa. 1987) (reducing fee award from 54 hours to 29 hours).

However, I acknowledge that Plaintiff's briefs asserted a number of claimed errors on the part of the Commissioner, all of which had to be researched by counsel. Indeed, Plaintiff listed 26 findings of the ALJ that I found were erroneous.  Further, the briefs were detailed in nature and rather lengthy.  The case also raised some novel legal issues.  Thus, I find that this case is more complex than usual in connection with a social security appeal.  After reviewing the itemization of services and fees that are attached to Plaintiff's motion, I find that the amount of hours expended by counsel in 2005 on the briefs should be reduced should be reduced 10 hours (reducing the hours in 2005 from 66.2 to 56.2 hours).

In conclusion, as to the amount of fees sought, I deny the request for a full award of fees.  Instead, I award fees to Plaintiff as follows:  1.4 hours in 2004 at the hourly rate of $151.53 ($212.14), 56.2 hours in 2005 at the hourly rate of $156.80 ($8,812.16), and 6.8 hours in 2006 at the rate of $160.00 ($1,088.00).  The total

amount of fees awarded is $10,112.30.

It is therefore

ORDERED that Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (filed June 15, 2006) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.  Plaintiff is awarded attorney's fees in the amount of $10,112.30 and expenses in the amount of 170.44.  The fees shall be paid directly to Gordon W. Williams, Attorney at Law, pursuant to the assignment of EAJA fee by the Plaintiff.

Dated: July 12, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge