UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00098-WYD

RICHARD S. PASQUALETTO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on the following motions: (1) the Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to Allow Application for Attorney's Fees Under 42 U.S.C. § 406(b)(1); and (2) the Motion for an Order Setting Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (both filed by Plaintiff's counsel on March 16, 2007).

The Motion for Relief from Judgment asks that the case be reopened to allow Plaintiff's counsel to file a motion to obtain an order awarding attorney's fees pursuant to 42 U.S.C. §406(b) for his successful representation of the Plaintiff. The relief sought in this motion is not objected to by the Government. I find that this motion should be granted, as counsel asserts that he could not have previously applied for attorney's fees as no back benefits had yet been awarded to Plaintiff by the Social Security

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been substituted for former Commissioner Jo Anne B. Barnhart pursuant to FED. R CIV. P. 25(d)(1).

Administration.  Plaintiff is thus granted relief from judgment pursuant to Rule 60(b)(6) so that his counsel may apply for an award of attorney's fees.

I now turn to the Motion for an Order Setting Attorney's Fees.  This motion asks for an award of fees in the amount of $29,788.63.  It requests that the fees be paid out of, and not in addition to, the amount of past due benefits payable to Plaintiff as a result of the previous judgment and subsequent withholding of attorney's fees by the Social Security Administration.  The motion asserts that the award of fees should credit to Plaintiff the amount previously awarded for fees under the Equal Access to Justice Act ["EAJA"] in the amount of $10,112.30.

More specifically, Plaintiff's counsel asserts in his Memorandum of Points and Authorities that he secured a decision from this Court to remand the matter for further administrative proceedings.  On remand, the Commissioner granted Plaintiff's application for benefits, entitling him to receive $119,034.50 in retroactive benefits from Title II benefits and ongoing benefits of approximately $1,876.20 per month.  Counsel states that he expended 78.6 hours of attorney time before the Court.  He requests a fee of $29,758.63 under the contingency fee contract pursuant to 42 U.S.C. 406(b), which is the total withholding.  Counsel argues that taking into account the nature of the representation and the results achieved, and testing as to the reasonableness of the fee with the time expended, considerations of effective hourly rate and market treatment of contingency, the Court should find that the fee is reasonable.

In response, the Commissioner states that he will not object to a 406(b) fee award in this case, but asks the Court to award no more than a reasonable fee

pursuant to the standards set forth in *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-796 (2002) (406(b) fee awards must be "reasonable" and may not exceed 25 percent of past due benefits).  The Commissioner takes no position as to the reasonableness of the actual fees requested by Plaintiff's counsel.  Finally, the Commissioner states that he understands that if such fees are awarded, Plaintiff's attorney agrees to pay Plaintiff the sum of $10,112.30 representing fees previously awarded pursuant to the EAJA.

Turning to my analysis, 42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . "  In this case, Plaintiff's counsel asserts that Plaintiff was awarded past-due benefits in the amount of $119,034.50.

Having reviewed the motion for fees and the attachments thereto which document the fees, I find that the amount of fees sought is reasonable for substantially the reasons set forth in Plaintiff's motion.  Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees.  Ex. 1, Pl.'s Mot. for an Order Setting Attorney's Fees Pursuant to 42 U.S.C. § 406(b).  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id*.

Plaintiff thus contracted with his counsel to pay 25% of past-due benefits, and the amount of fees sought by counsel is consistent with that agreement.  The requested fee is reasonable because it reflects the contingent nature of the recovery.  I also find that the fee is reasonable because of the risk involved with this type of case, the fact that counsel devoted considerable time and effort to presentation of Plaintiff's position, and the favorable results obtained.  Finally, I note that the Commissioner did not assert that the fees were unreasonable.   Accordingly, the Motion for an Award Setting Attorney Fees is granted.

Based upon the foregoing, it is

ORDERED that the Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to Allow Application for Attorney's Fees under 42 U.S.C. § 406(b)(1) (docket # 21) is **GRANTED**.  It is

FURTHER ORDERED that the Motion for an Order Setting Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (docket # 22) is **GRANTED**.  In accordance therewith, the Commissioner shall certify the fee of $29,758.63 payable to counsel Gordon W. Williams.  Counsel Gordon W. Williams shall reimburse Plaintiff in the amount of $10,112.30 for fees previously paid by the Commissioner under the EAJA.

Dated:  May 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge